UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*********************************************:

| | |
|---|---|
| MELANIE FINKELDEY : | |
| : | |
| V. : | CIVIL ACTION NO. 3:22-cv-00340 |
| : | |
| WALMART, INC.; PUTNAM ACQUISITION : | |
| LIMITED PARTNERSHIP; AND WS ASSET : | MARCH 3, 2022 |
| MANAGEMENT, INC. : | |

## DEFENDANT, WALMART, INC.'s, NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

The below named defendant, Walmart, Inc. ("Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C.A. § 1332(a) and § 1441, hereby remove this action from the Superior Court, Judicial District of Hartford, in the State of Connecticut, to the United States District Court for the District of Connecticut and in support of which states as follows:

1. The plaintiff, Melanie Finkeldey ("Plaintiff"), commenced an action by service of process on or about February 3, 2022 against the Defendant in state court entitled, *Melanie Finkeldey v. Walmart, Inc.*, Docket No. HHD-CV22-6151974-S, and returnable to the Superior Court, Judicial District of Hartford. A copy of the referenced Summons, Complaint, and Return of Service are attached hereto as **Exhibit A**.

2. This Notice of Removal is timely and filed with this Court within thirty (30) days after receipt by Defendant of the initial pleadings setting forth the claims for relief upon which this action is based. The Defendant was served on or around February 3, 2022.

3. In her Complaint, the Plaintiff alleges a negligence action against the Defendants and seeks unspecified damages. The Plaintiff, Melanie Finkeldey alleges that she sustained injuries as a "proximate result of the negligence and carelessness of the defendant, acting by and through its agents, servants, managers, supervisors, or employees, in one or more of the following ways: (a) in that the defendant(s) failed to maintain said floor in a reasonably safe condition; (b) in that the defendant(s) failed to clean up the substance on said floor; (c) in that the defendant(s) failed to inspect the floor for the presence of slippery substances; (d) in that the defendant(s) failed to have an adequate inspection policy to maintain the safety of its floors; (e) in that the defendant(s) failed to adequately and sufficiently warn of the presence of a liquid on the floor; (f) in that the defendant(s) failed to employ competent staff to inspect the floor and/or clean the floor of the liquid; (g) in that the defendant(s) failed to provide the plaintiff and other persons lawfully upon the premises with a reasonably safe premises; (h) in that the defendant(s), in the exercise of reasonable care and inspection should have known of the dangerous and defective condition and should have taken measures to remedy and correct same, but the defendant failed to do so; and/or (i) in that the defendant(s) allowed or permitted the aforesaid dangerous and/or defective condition to exist for an unreasonable period of time, yet took no measures to make the entrance to its store safe for the plaintiff and other persons lawfully on the premises." See Exhibit A, Complaint at ¶ 12. The Plaintiff, Melanie Finkeldey further claims that "as a result of the aforementioned collision [sic], and the negligence and carelessness of the defendant(s) the plaintiff Melanie Finkeldey suffered the following injuries, some or all of which may be permanent in nature: (a) neck injury; (b) clavicle injury; (c) cervicalgia; (d) right shoulder injury; (e) impingement syndrome of the right shoulder; (f) complete tear of right rotator cuff; (g) rupture of right long head biceps tear; (h); headache; and (i) pain and suffering, both mental and

physical. Id. at ¶ 13. The Plaintiff, Melanie Finkeldey, alleges that she has "required medical care and surgery, and received orthopedic and follow-up therapeutic care including the prescription of various medications and injections." Id. at ¶ 14. The Plaintiff, Melanie Finkeldey, alleges that she "has been forced to incur financial obligations for hospital and medical care and treatment, diagnostic studies, x-rays, physical therapy, medication, and the like, and may be obliged for further such sums in the future.." Id. at ¶ 15. The Plaintiff, Melanie Finkeldey, alleges that she "has been, and in the future will likely continue to be, unable to pursue her usual activities to the same extent as prior to the collision [sic], all to her further loss and detriment." Id. at ¶ 16. Based on the Plaintiff's allegations and Defendant's investigation, a review of the plaintiff's medical records, which indicate that the plaintiff underwent a right shoulder arthroscopic surgery, with medical specials totaling over $52,000.00, the damages claimed in this case exceed $75,000.00.

4.  According to the Summons and Complaint filed by the Plaintiff, she resides in Woodstock, Connecticut. Defendant, Walmart, Inc. is a Delaware corporation with a principal place of business in Bentonville, Arkansas. Upon information and belief, defendants Putnam Acquisition Limited Partnership, and WS Asset Management, Inc. are both organized in Delaware with a principal place of business in Chestnut Hill, MA. There is complete diversity of citizenship between the Plaintiff and the Defendants.

5.  The above-entitled action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and thus may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. § 1441.

ROGIN NASSAU LLC • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 050793

6.      This action is removable pursuant to the provisions of 28 U.S.C. § 1441 because this is a civil action wherein the amount in controversy exceeds the sum of or the value of $75,000.00 exclusive of interest and costs, and Plaintiff and Defendants are citizens of different states.

Dated this 3rd day of March 2022.

THE DEFENDANT
WALMART INC.

By:   /s/ *George C. Springer, Jr.*
George C. Springer, Jr. [ct03263]
Eric B. Caines [ct30049]
Rogin Nassau LLC
185 Asylum Street, 22nd Floor
Hartford, CT 06103-3460
Tel: (860) 256-6350
Fax: (860) 278-2179
E-mail: gspringer@roginlaw.com
ecaines@roginlaw.com

## CERTIFICATION

    This is to certify that a copy of the foregoing was served electronically this 3rd day of March, 2022 and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail at the addresses shown below to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Alexa L. Mahony, Esquire
Connecticut Trial Firm, LLC
437 Naubuc Avenue, Suite 107
Glastonbury, CT 06033
service@cttrialfirm.com
alexa@cttrialfirm.com

                                          */s/ George C. Springer, Jr.*
                                          George C. Springer, Jr. [ct03263]

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. | STATE OF CONNECTICUT **SUPERIOR COURT** www.jud.ct.gov  |
|---|---|

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 ) 548 – 2700 | March 8, 2022 |

| ☒ Judicial District   ☐ Housing Session | G.A. Number: | At (City/Town) Hartford | Case type code (See list on page 2) Major: T   Minor: 03 |
|---|---|---|---|

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Connecticut Trial Firm, LLC, 437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 | 436558 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 860 ) 471 – 8333 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes  ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) service@cttrialfirm.com |
|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| **First plaintiff** | Name: Finkeldey, Melanie  Address: 70 Shields Road, Woodstock, CT 06281 | P-01 |
| **Additional plaintiff** | Name:  Address: | P-02 |
| **First defendant** | Name: Walmart, Inc., 702 SW 8th Street, Bentonville, AR 72716  Address: AGENT FOR SERVICE: C T Corporation System, 67 Burnside Avenue, East Hartford, CT 06108 | D-01 |
| **Additional defendant** | Name: Putnam Acquisition Limited Partnership, 33 Boylston Street, Suite 3000, Chestnut Hill, MA 02467  Address: AGENT FOR SERVICE: C T Corporation System, 67 Burnside Avenue, East Hartford, CT 06108 | D-02 |
| **Additional defendant** | Name: WS Asset Management, Inc., 33 Boylston Street, Suite 3000, Chestnut Hill, MA 02467  Address: AGENT FOR SERVICE: C T Corporation System, 67 Burnside Avenue, East Hartford, CT 06108 | D-03 |
| **Additional defendant** | Name:  Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 3 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date 02/02/2022 | Signed (Sign and select proper box) *[signature: Alexa L. Mahony]* | ☒ Commissioner of Superior Court  ☐ Clerk | Name of person signing Alexa L. Mahony |
|---|---|---|---|

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| For Court Use Only |
|---|
| File Date |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

Print Form    Page 1 of 2    Reset Form

| | | |
|---|---|---|
| RETURN DATE: MARCH 8, 2022 | : | SUPERIOR COURT |
| MELANIE FINKELDEY | : | J.D. OF HARTFORD |
| V. | : | AT HARTFORD |
| WALMART, INC.; PUTNAM ACQUISITION LIMITED PARTNERSHIP; and WS ASSET MANAGEMENT, INC. | : | FEBRUARY 2, 2022 |

## COMPLAINT

### FIRST COUNT (Melanie Finkeldey v. Walmart, Inc.)

1. On September 2, 2020, the plaintiff, Melanie Finkeldey, was a patron and business invitee of a Walmart store located at 625 School Street, Putnam, Connecticut (hereinafter "Walmart").

2. On September 2, 2020, and at all relevant times mentioned herein, the defendant Walmart, Inc., was and is a business entity organized and existing under the laws of the state of Delaware, conducting business in Connecticut, with a principal place of business in Bentonville, Arkansas.

3. On September 2, 2020, and at all relevant times mentioned herein, the defendant Putnam Acquisition Limited Partnership, was and is a business entity organized and existing under the laws of the state of Delaware, conducting business in Connecticut, with a principal place of business in Chestnut Hill, Massachusetts.

-1-

4. On September 2, 2020, and at all relevant times mentioned herein, the defendant WS Asset Management, Inc., was and is a business entity organized and existing under the laws of the state of Massachusetts, conducting business in Connecticut, with a principal place of business Chestnut Hill, Massachusetts.

5. On September 2, 2020, and at all relevant times mentioned herein, the defendant(s) Walmart, Inc., Putnam Acquisition Limited Partnership, and/or WS Asset Management, Inc., its agents, servants, or employees, owned, operated, managed, possessed, maintained, conducted, or controlled the premises and establishment.

6. Defendant(s) Walmart, Inc., Putnam Acquisition Limited Partnership, and/or WS Asset Management, Inc., acting by and through agents, servants, or employees, did invite members of the general public to enter and patronize said premises and establishment on September 2, 2020.

7. On September 2, 2020, the plaintiff, Melanie Finkeldey, was a patron at Walmart.

8. At all times mentioned herein, and for some time prior thereto, the entrance area to Walmart was in a dangerous and defective condition, due to the presence of liquid on the floor.

9. At all times mentioned herein, as the plaintiff entered Walmart she was suddenly, and without warning, caused to slip and fall on said liquid, causing the plaintiff to sustain and suffer the personal injuries and losses hereinafter set forth.

10. On said date and for some time prior thereto, the defendant and/or defendants, knew or in the exercise of reasonable care should have known of the dangerous and defective condition of its floor.

11. At all times mentioned herein, the defendant(s) had a nondelegable duty to exercise

·2·

reasonable and proper care to maintain said premises, including the floor at Walmart's entrance in a reasonably safe condition.

12. The aforementioned fall, was a direct and proximate result of the negligence and carelessness of the defendant, acting by and through its agents, servants, managers, supervisors, or employees, in one or more of the following ways:

    a) in that the defendant(s) failed to maintain said floor in a reasonably safe condition;

    b) in that the defendant(s) failed to clean up the substance on said floor;

    c) in that the defendant(s) failed to inspect the floor for the presence of slippery substances;

    d) in that the defendant(s) failed to have an adequate inspection policy to maintain the safety of its floors;

    e) in that the defendant(s) failed to adequately and sufficiently warn of the presence of a liquid on the floor;

    f) in that the defendant(s) failed to employ competent staff to inspect the floor and/or clean the floor of the liquid;

    g) in that the defendant(s) failed to provide the plaintiff, and other persons lawfully upon the premises with a reasonably safe premises;

    h) in that the defendant(s), in the exercise of reasonable care and inspection should have known of the dangerous and defective condition and should have taken measures to remedy and correct same, but the defendant failed to do so; and/or

    i) in that the defendant(s) allowed or permitted the aforesaid dangerous and/or defective condition to exist for an unreasonable period of time, yet took no measures to make the entrance to its store safe for the plaintiff and other persons lawfully on the premises.

13. As a result of the aforementioned collision, and the negligence and carelessness of the defendant(s), the plaintiff, Melanie Finkeldey, suffered the following injuries, some or all of which may be permanent in nature:

·3·

   a. neck injury;

   b. clavicle injury;

   c. cervicalgia;

   d. right shoulder injury;

   e. impingement syndrome of right shoulder;

   f. complete tear of right rotator cuff;

   g. rupture of right long head biceps tear;

   h. headache; and

   i. pain and suffering, both mental and physical.

14. In addition, the plaintiff required medical care and surgery, and received orthopedic and follow-up therapeutic care including the prescription of various medications and injections.

15. As a further result thereof, the plaintiff has been forced to incur financial obligations for hospital and medical care and treatment, diagnostic studies, x-rays, physical therapy, medicines, and the like, and may be obligated for further such sums in the future.

16. As a further result thereof, the plaintiff, Melanie Finkeldey has been, and in the future will likely continue to be, unable to pursue her usual activities to the same extent as prior to the collision, all to her further loss and detriment.

## SECOND COUNT (Melanie Finkeldey v. Putnam Acquisition Limited Partnership)

1. -16. Paragraphs 1 through 16 of the First Count are hereby incorporated by reference and made paragraphs 1 through 16 of this, the Second Count, as if set forth fully

CONNECTICUT TRIAL FIRM, LLC
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 • 860.471.8333 • Facsimile: 860.471.8332
Iuris No. 436558

herein.

**THIRD COUNT (Melanie Finkeldey v. WS Asset Management, Inc.)**

1. -16. Paragraphs 1 through 16 of the First Count are hereby incorporated by reference and made paragraphs 1 through 16 of this, the Third Count, as if set forth fully herein.

**CONNECTICUT TRIAL FIRM, LLC**
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 · 860.471.8333 · Facsimile: 860.471.8332
Juris No. 436558

WHEREFORE, the plaintiff claims:

1. Monetary damages;

2. Such other legal and equitable relief as the Court deems proper.

> THE PLAINTIFF,
> MELANIE FINKELDEY
>
> */s/ Alexa L. Mahony*
> Alexa L. Mahony, Esq.
> Connecticut Trial Firm, LLC
> 437 Naubuc Avenue
> Suite 107
> Glastonbury, CT 06033
> Tel:  (860) 471-8333
> Fax:  (860) 471-8332
> Juris No. 436558

| | | |
|---|---|---|
| RETURN DATE: MARCH 8, 2022 | : | SUPERIOR COURT |
| MELANIE FINKELDEY | : | J.D. OF HARTFORD |
| V. | : | AT HARTFORD |
| WALMART, INC.; PUTNAM ACQUISITION LIMITED PARTNERSHIP; and WS ASSET MANAGEMENT, INC. | : | FEBRUARY 2, 2022 |

**STATEMENT OF AMOUNT IN DEMAND**

The amount of money damages claimed is greater than Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs.

THE PLAINTIFF,
MELANIE FINKELDEY

*Alexa L. Mahony*
Alexa L. Mahony, Esq.
Connecticut Trial Firm, LLC
437 Naubuc Avenue
Suite 107
Glastonbury, CT 06033
Tel:   (860) 471-8333
Fax:   (860) 471-8332
Juris No. 436558

·7·